UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20907-CR-COOKE

UNITED STATES OF AMERICA

vs.

SAMUEL BAPTISTE,
        a/k/a "Abdul Jalil"

            Defendant.
_____/

## PLEA AGREEMENT

The United States of America and SAMUEL BAPTISTE (hereinafter referred to as the "defendant") enter into the following agreement:

1.      The defendant agrees to plead guilty to Count four (4) of the Indictment, which charges the defendant with one (1) count of being a Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1).

2.      The United States agrees to seek dismissal of counts one (1) and two (2) of the indictment, after sentencing.

3.      The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will

1

commence after the guilty plea has been entered.  The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

4.      The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.  The United States, however, will not be required to

make these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

     5.     The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

     a.  **Base Offense Level**:  Pursuant to Section 2K2.1(a)(2), the base offense level is a level 24 since BAPTISTE has at least two felony convictions for either a crime of violence or a controlled substance offense.

     b.  **Specific Offense Characteristics**: Because the offense involved between 3-7 firearms, there is a 2 level enhancement under 2K2.1(b)(1)(A).

     c.  **Specific Offense Characteristics**: Because the defendant possessed a firearm with knowledge, intent or reason to believe that it would be transported out of the United States, there is an additional 4 level enhancement under 2K2.1(b)(6)(A).

     d.  **Total Offense Level**: The parties anticipate that the total offense level, prior to any credit for acceptance of responsibility is an offense

3

level 30.   With credit for acceptance of responsibility, the parties anticipate that the total offense level is an offense level 27.

6.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of one hundred dollars ($100) will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7.      The defendant also understands and acknowledges that as to count four (4) of the indictment, the court can impose up to a 10-year term of imprisonment, followed by a term of supervised release of up to 3 years, and the court may impose a fine of up to $250,000.  Additionally, the court shall order restitution, if applicable.

8.      The defendant also understands and acknowledges that additional classified or non-pertinent discovery may remain outstanding in this case, and that by pleading guilty, he is giving up and waiving his right to receive any further or additional classified or non-pertinent discovery that may be outstanding or to which the defendant may be entitled to in the instant case under the Southern District of Florida Standing Discovery Order.

9.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status.  However, the Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration

consequences that his plea may entail, even if the consequence is his removal from the United States.

10.     The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

11.     The defendant is aware that the sentence has not yet been determined by the court.  The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court.  The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety.  The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12.     This is the entire agreement and understanding between the United States and the defendant.   There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 3/29/17               By: _____
                                MARC S. ANTON
                                ASSISTANT U. S. ATTORNEY

Date: 3/24/17               By: _____
                                JOAQUIN PADILLA, ESQ.
                                ATTORNEY FOR DEFENDANT

Date: _____         By: _____
                                SAMUEL BAPTISTE
                                DEFENDANT